**NOT FOR PUBLICATION**

JUL 01 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUTH YUBA RIVER CITIZENS LEAGUE, a non-profit corporation; FRIENDS OF THE RIVER, a non-profit corporation, | No. 12-16674<br><br>D.C. No. 2:06-cv-02845-LKK-JFM |
| Plaintiffs - Appellees, | |
| v. | MEMORANDUM[*] |
| NATIONAL MARINE FISHERIES SERVICE; REBECCA M. BLANK, Acting Secretary of Commerce; RODNEY MCINNES, Regional Administrator of the National Marine Fisheries Service Southwest Region; U.S. ARMY CORPS OF ENGINEERS; PETE GEREN, Acting Secretary of the Army; MICHAEL J. WALSH, Colonel, District Engineer, Sacramento District; , | |
| Defendants - Appellants, | |
| and | |
| DRY CREEK MUTUAL WATER COMPANY; CORDUA IRRIGATION DISTRICT, RAMIREZ WATER DISTRICT; YUBA COUNTY WATER | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

AGENCY,

Intervenors-Defendants.

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted June 13, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

The government appeals from an attorneys' fee award of approximately $1.8 million for lengthy and complex environmental litigation. There is no dispute that the district court properly determined an award of fees was appropriate under the Endangered Species Act, 16 U.S.C. § 1540(g)(4), and that plaintiff achieved substantial results. We review the amount for abuse of discretion. *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005).

The district court reduced the amount of fees originally claimed by 20%. The government argues that the district court failed to provide a sufficient explanation of its award. The plaintiffs made clear the basis for their claim, however, and the district court explained the reasons why it was deducting 20%. The court's reasoning reflects that it independently reviewed the fee application to determine whether the deductions were adequate. The district court in this case

also adequately addressed the government's objections to the request, and accepted some of them. The process followed by the court was not in any material way similar to that which we disapproved of in *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992), on which the government relies.

The government also contends that the court incorrectly awarded fees for work related to claims under the Freedom of Information Act ("FOIA") that had settled earlier, and for time responding to the standing argument of third parties. A careful review of the record reflects that there were no fees awarded for work done in the prior FOIA litigation. The few hours that plaintiffs were compensated for work on standing were justified by the needs of the litigation with the government.

**AFFIRMED**.